**NATIONAL LABOR RELATIONS BOARD
v. DAVIS MOTORS, Inc.**

No. 4281.

United States Court of Appeals
Tenth Circuit.

Nov. 5, 1951.

Owsley Vose, Washington, D. C. (George J. Bott, David P. Findling, A. Norman Somers and Nancy M. Sherman, all of Washington, D. C., on the brief), for petitioner.

Emory L. O'Connell, Denver, Colo., for respondent.

Before, PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This case is here upon a petition of the National Labor Relations Board, pursuant to Section 10(e) of the Labor Management Relations Act of 1947, 61 Stat. 136, 29 U.S. C.A. § 151 et seq., for enforcement of its order against Davis Motors, Inc.

The pattern of the proceedings before the Board, the unfair labor practices and the jurisdictional question, are the same as in NLRB v. Conover Motor Company (NLRB v. Phelps Brothers Service and NLRB v. Strang Garage Company), 10 Cir., 192 F.2d 779, just decided by this court.

Respondent sells and distributes Ford automobiles in Denver, Colorado, under a non-exclusive franchise from the Ford Motor Company. During the year 1949, it sold 451 new cars, and trucks, for which it received a total of $929,251.36. All of these vehicles were shipped to the respondent from Kansas City, Missouri and Dearborn, Michigan, with an occasional shipment from Chicago, Illinois. All of the cars and trucks were sold in Denver. Respondent paid $101,243.00 for parts, accessories and tires purchased from the Ford Motor Company parts depot in Denver, after shipment from points outside the state of Colorado.

It is said that a cessation of the respondent's activities because of a work stoppage would not impede, burden or obstruct the free flow of interstate commerce, because unlike the dealers with exclusive franchises, the manufacturer's products would be distributed to the other dealers in the same area without any interstate repercussions or harmful effects. But we do not think this factual distinction makes any jurisdictional difference. It is not difficult to foretell that the unfair labor practices.

of this dealer, if left unchecked, would spread to all other dealers in the same area with consequent far reaching harmful effects on interstate commerce as in the cases of the exclusive dealers. See NLRB v. Conover Motor Company; NLRB v. Phelps Brothers Service; NLRB v. Strang Garage Company, supra; NLRB v. Townsend, 9 Cir., 185 F.2d 378. It is within the province of the Board to protect and foster interstate commerce before actual industrial strife materializes to obstruct that commerce. NLRB v. Bradford Dyeing Association, 310 U.S. 318, 60 S.Ct. 918, 84 L.Ed. 1226, NLRB v. Mid-Co Gasoline Company, 5 Cir., 183 F.2d 451; J. L. Brandeis & Sons v. NLRB, 8 Cir., 142 F.2d 977.

We hold that the Board's asserted jurisdiction over this respondent is proper, and the order will be enforced.