NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

HOLIDAY HOTEL MANAGEMENT
COMPANY, Inc., Respondent.

No. 7125.

United States Court of Appeals
Tenth Circuit.

Nov. 28, 1962.

Herman Levy, Washington, D. C., (Stuart Rothman, General Counsel, Dom-

inick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Lee M. Modjeska, Attorney, National Labor Relations Board, on the brief), for petitioner.

Edward E. Soule of Lytle, Soule & Emery, Oklahoma City, Okl., for respondent.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Pursuant to § 10(e) of the National Labor Relations Act,[1] the National Labor Relations Board petitions for the enforcement of its order issued against Respondent, Holiday Hotel Management Company, Inc., because of unfair labor practices prohibited by § 8(a) (1) and (3) of the Act.[2] Respondent's answer challenges the jurisdiction of the Board.

The Board based its jurisdiction on the following finding of facts:

"Respondent is an Oklahoma corporation engaged in the operation of a hotel and restaurant at Oklahoma City. Less than 75 percent of its guests stay for a month or longer. During the 12-month period preceding the issuance of the complaint herein, respondent's gross revenue exceeded $500,000. During the same period, it purchased goods, equipment, and supplies valued in excess of $10,000, of which more than $1,-500 worth were shipped directly to it from out-of-State points."

The Supreme Court held in Hotel Employees Local No. 255 et al. v. Leedom, Chairman, National Labor Relations Board, 358 U.S. 99, 79 S.Ct. 150, 3 L.Ed. 2d 143, that the dismissal of a representation petition on the sole ground of the Board's policy not to exercise jurisdiction over the hotel industry was contrary to the principles announced in Office Employees International Union, Local No. 11, AFL–CIO, v. National Labor Relations Board, 353 U.S. 313, 318–320, 77 S.Ct. 799, 1 L.Ed.2d 846. As a consequence the Board changed its policy and

---

[1] 29 U.S.C. § 160(e).

[2] 29 U.S.C. § 158(a) (1) and (3).

asserted jurisdiction over the hotel industry. In Floridan Hotel of Tampa, Inc., et al., 124 NLRB 261, 264, the Board limited the assertion of jurisdiction "to those cases involving hotel and motel enterprises, exclusive of permanent or residential hotels and motels, which receive at least $500,000 in gross revenues per annum" and defined permanent or residential hotels or motels as those in which 75% of the guests remain for a month or more. The formula was clarified in Continental Hotel et al., 133 NLRB 1694, 1695.

Respondent challenges neither the fact findings of the Board nor the policy of the Board. The sole issue is whether Respondent is engaged in commerce within the meaning of the Act.

The Board is empowered to prevent un fair labor practices "affecting commerce." [3] "Commerce" includes interstate or foreign "trade, traffic, commerce, transportation, or communication." [4] "Affecting commerce" is defined to mean "in commerce, or burdening or obstructing commerce or the free flow of commerce * * *." [5]

In National Labor Relations Board v. Reliance Fuel Oil Corporation, 2 Cir., 297 F.2d 94, certiorari granted 369 U.S. 883, 82 S.Ct. 1160, 8 L.Ed.2d 285, the court of appeals remanded the case to the Board for additional findings as to the manner in which the labor dispute affected commerce. The respondent in that case bought and sold in New York fuel oil produced outside of that State. The court doubted whether jurisdiction could be based on the purchase within the State of a substantial amount of goods that had at one time moved in interstate commerce. A similar remand occurred in National Labor Relations Board v. Benevento, 1 Cir., 297 F.2d 873. In that case the respondent extracted sand and gravel in Massachusetts and sold it to another company which mixed the sand and gravel with cement produced outside of the State and then sold the resulting concrete within the State. The court commented [6] that the respondent originated a product "which so far as we know never left the state of origin."

In the case at bar jurisdiction rests on a more firm basis because the relationship to interstate commerce is direct rather than indirect. The Respondent here received more than $1,500 worth of goods, equipment, and supplies which were shipped directly to it from out-of-State points. While this amount is not impressive, it must be considered together with the obvious fact that "hotels which serve a transient trade play an important role in furthering travel and in fostering commercial relationships between the inhabitants of the several States." [7] Labor disputes which interfere with the operations of these hotels affect the "operations of the various media of passenger transportation" [8] and if left unchecked, would spread to other hotels in the same area with consequent far-reaching harmful effects on interstate commerce.[9]

The Board had jurisdiction and the order will be enforced.

3. 29 U.S.C. § 160(a).

4. 29 U.S.C. § 152(6).

5. 29 U.S.C. § 152(7).

6. 297 F.2d 875.

7. Southwestern Hotels, Inc., et al., 126 NLRB 1151, 1154.

8. Floridan Hotel of Tampa, Inc., et al., supra, at p. 263.

9. See National Labor Relations Board v. Davis Motors, 10 Cir., 192 F.2d 782, 783.